# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. EVANS, B24338, | ) ) |
| Plaintiff, | ) ) ) Case No. 17-cv-763-SMY |
| vs. | ) ) |
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mark A. Evans brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate at Hill Correctional Center. However, he was released on parole on August 11, 2017. Plaintiff contends that he was incarcerated beyond his release date and seeks monetary damages for excessive incarceration. In connection with this claim, Plaintiff sues the People of the State of Illinois.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

On September 22, 2016, Plaintiff was arrested on a domestic battery charge in Lawrence County, Illinois. (Case No. 16-cf-112). (Doc. 1, p. 4). He eventually entered a plea of guilty and was sentenced to 18 months' imprisonment. (Doc. 1, pp. 4-5; IDOC offender website).[1] According to the Complaint, prison officials miscalculated Plaintiff's parole date by failing to give him credit for his pretrial detention at Lawrence County Jail from September 22, 2016 to December 28, 2016. (Doc. 1, pp. 4-5). Although not entirely clear, the Complaint suggests that Plaintiff's negotiated plea agreement and the Order of the sentencing court specified that Plaintiff was to receive credit for this entire period (97 days). However, exhibits attached to the Complaint suggest that the sentencing court concluded Plaintiff was only entitled to credit for a

---

[1] The Court can judicially notice information available on IDOC's official website. *See Westefer v. Snyder*, 725 F.Supp.2d 735, 745 (S.D.Ill. 2010).

portion of this pretrial detention. (Doc. 1, pp. 9-10). Plaintiff contends that because his sentence credit was miscalculated, he was improperly held beyond what should have been his release date.

**Discussion**

The Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

>   **Count 1 –**   Eighth Amendment claim against The People of the State of Illinois for excessive incarceration.
.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment against those who have been convicted of a crime. This includes punishment that is "totally without penological justification." *See Gregg v. Georgia*, 428 U.S. 153, 183 (1976); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Seventh Circuit has recognized that "incarcerating a person beyond the termination of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment."[2] *See Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir.2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir.1989)). *See also Childress v. Walker*, 787 F.3d 433, 438 (7th Cir.2015); *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir.2014).[3]

---

[2] The Seventh Circuit has previously suggested that an excessive incarceration claim arises under the due process clause. *See Bey v. Schwartz*, No. 12–1373, Doc. 00711806143, (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11–cv–951–GPM (Doc. 29–1). However, the Appellate Court's subsequent decision in *Childress v. Walker,* concluded that this type of claim is best analyzed under Eighth Amendment standards. 787 F.3d 433, 438-39.
[3] To establish liability under Section 1983 for excessive incarceration, a plaintiff must demonstrate that: (1) the defendants held him beyond the term of his incarceration without penological justification; and (2) the prolonged

Read liberally, the allegations in the instant case suggest that Plaintiff *may* have a claim for prolonged confinement. Nonetheless, the Complaint is subject to dismissal at this time because Plaintiff has failed to name a proper defendant. "The People of the State of Illinois" cannot be named as a defendant in a civil rights action. In an action brought pursuant to 42 U.S.C. § 1983, a plaintiff "must show that the alleged [constitutional] deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). If Plaintiff's constitutional rights were violated during his imprisonment, he must pursue his claim against the prison official whose conduct caused the violation, not against the State of Illinois.

Therefore, the People of the State of Illinois will be dismissed with prejudice as a defendant and the Complaint will be dismissed without prejudice. However, Plaintiff will be granted leave to amend his Complaint to name a proper defendant.

Relatedly, Plaintiff cannot proceed on an excessive incarceration claim if he is challenging a state court decision. Such a claim would run afoul of *Heck v. Humphrey,* 512 U.S. 477, 489 (1994). If, however, Plaintiff is claiming that state officials "held him for longer than the state judiciary authorized" or that "the prison system failed to implement the state courts' decisions" then his claim would not be *Heck*-barred. *See Bey v. Schwartz*, No. 12–1373, Doc. 00711806143, (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11–cv–951–GPM (Doc. 29–1).[4] *See also Mosley v. Davis,* 2014 WL 3734171 (Reagan, C.J.). However, the Court

---

detention was the result of the defendants' deliberate indifference. *Armato*, 766 F.3d at 721 (citing *Campbell*, 256 F.3d at 700). Deliberate indifference is shown where defendants ignore a known risk of prolonged confinement. *Id*. (citing *McGee v. Adams*, 721 F.3d 474, 480–81 (7th Cir. 2013)).

[4] The Court notes that the *Bey* decision indicates that an excessive incarceration claims amounts to a due process violation. As noted above, the Seventh Circuit subsequently concluded that such a claim is more properly analyzed under the Eighth Amendment. Nonetheless, the analysis pertaining to whether and when *Heck* is implicated in excessive incarceration claims remains instructive.

4

need not resolve this issue at this juncture. The Court will address matters relevant to *Heck* if, and when Plaintiff files a First Amended Complaint.

## **Pending Motions**

Plaintiff's Second Motion for Leave to Proceed *in Forma Pauperis* (Doc. 8) shall be **DENIED** as unnecessary.

Plaintiff has also filed a Motion to Recruit Counsel (Doc. 3), which is hereby **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id*. When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)..

With regard to the first question, Plaintiff claims he has asked people about attorneys. This threadbare statement does not provide enough information for evaluating whether Plaintiff has made a reasonable attempt to find counsel.

With regard to the second question, Plaintiff's Complaint suggests that he is capable of coherently stating the relevant facts. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to name a proper defendant and to provide sufficient factual content regarding the alleged constitutional violation. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time and the motion is dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **THE PEOPLE OF THE STATE OF ILLINOIS** are **DISMISSED with prejudice.** As Plaintiff has named no other Defendants, the Complaint is **DISMISSED without prejudice.**

Plaintiff is **GRANTE**D leave to file a "First Amended Complaint" on or before **December 28, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 17-cv-763-SMY).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28

U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 30, 2017**

**s/ STACI M. YANDLE**
**United States District Judge**