# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. EVANS, B24338, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17-cv-763-SMY |
| vs. | ) ) |
| IDOC, and JOHN FROST, | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mark A. Evans brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate at Hill Correctional Center. However, he was released on parole on August 11, 2017. Plaintiff claims that he was incarcerated beyond his release date and seeks monetary damages for excessive incarceration. In connection with this claim, Plaintiff sues the Illinois Department of Corrections and John Frost, a grievance counselor.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The First Amended Complaint

On September 22, 2016, Plaintiff was arrested on a domestic battery charge in Lawrence County, Illinois. (Case No. 16-cf-112). (Doc. 10, p. 11). He entered a guilty plea on December 28, 2016 and was sentenced to 18 months' imprisonment. (Doc. 10, pp. 6,11; IDOC offender website).[1] According to the Complaint, prison officials miscalculated Plaintiff's parole date by failing to give him credit for his pretrial detention at Lawrence County Jail from September 22, 2016 to December 28, 2016. (Doc. 10, pp. 6, 11). Plaintiff was released on August 13, 2017. (Doc. 10, p. 6). He contends that had he received day-for-day credit from the date of his arrest (September 22, 2016), he would have been released on June 22, 2017. (Doc. 10, pp. 6, 11-12).

---

[1] The Court can judicially notice information available on IDOC's official website. *See Westefer v. Snyder*, 725 F.Supp.2d 735, 745 (S.D.Ill. 2010).

Plaintiff filed a grievance pertaining to this issue on July 11, 2017. (Doc. 10, pp. 11-12). His grievance counselor, John Frost, referred the matter to the Record Office and received the following response:

> In response to IM grievance – the calculation has been reviewed and is correct as stands. Per IDOC guidelines the calculation was completed as follows: The mittimus ordered the jail credit of time shown on the Sheriff's certificate 9/22/16-11/6/16. This credit was subtracted from the date of sentencing, 12/28/16. If offender disagrees with the calculation he will need to contact the court and request another amended mittimus which issues additional jail credit. Issue is moot.

(Doc. 10, p. 13). This response was relayed to Plaintiff on July 14, 2017. *Id.*

## **Discussion**[2]

The Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 –** Eighth Amendment claim against Frost for excessive incarceration.

The Eighth Amendment prohibits cruel and unusual punishment against those who have been convicted of a crime. This includes punishment that is "totally without penological justification." *See Gregg v. Georgia*, 428 U.S. 153, 183 (1976); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Seventh Circuit has recognized that "incarcerating a person beyond the

---

[2] Plaintiff's claims against IDOC must be dismissed with prejudice because as a state agency, IDOC is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see also* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....").

termination of his sentence without penological justification violates the Eighth Amendment as cruel and unusual punishment."[3] *See Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir.2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir.1989)). *See also Childress v. Walker*, 787 F.3d 433, 438 (7th Cir.2015); *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir.2014).

To establish liability under Section 1983 for excessive incarceration, a plaintiff must demonstrate that: (1) the defendants held him beyond the term of his incarceration without penological justification; and (2) the prolonged detention was the result of the defendants' deliberate indifference. *Armato*, 766 F.3d at 721 (citing *Campbell*, 256 F.3d at 700). Deliberate indifference is shown where defendants ignore a known risk of prolonged confinement. *Id*. (citing *McGee v. Adams*, 721 F.3d 474, 480–81 (7th Cir. 2013)). *See also Jones v. Sparta Community Hospital,* 2018 WL 1445794 (7th Cir. March 23, 2018).

Plaintiff's case fails on the second prong. The grievance attached to the First Amended Complaint reveals that Frost investigated Plaintiff's grievance and appropriately relied on the expertise of officials in the Records Office. On these facts, Plaintiff cannot state a viable deliberate indifference claim against Frost, the only individual named in connection with his excessive incarceration claim. Thus, his Complaint must be dismissed. *See Turner v. Godinez,* 693 F. App'x 449, 455 (7th Cir. 2017) (grievance counselors and prison administrators who relied on the expertise of supervisors of the Institutional Records Office regarding plaintiff's release date were not subject to liability for deliberate indifference). *See also Figgs v. Dawson,* 829 F.3d 895, 903-04 (7th Cir. 2016) (no deliberate indifference where prison administrative

---

[3] The Seventh Circuit has previously suggested that an excessive incarceration claim arises under the due process clause. *See Bey v. Schwartz*, No. 12–1373, Doc. 00711806143, (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11–cv–951–GPM (Doc. 29–1). However, the Appellate Court's subsequent decision in *Childress v. Walker,* concluded that this type of claim is best analyzed under Eighth Amendment standards. 787 F.3d 433, 438-39.

staff reasonably deferred to expertise of specialized staff); *Johnson v. Doughty,* 433 F.3d 1001, 1011 (7th Cir. 2006) (same); *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005) (same).[4]

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (consisting of **COUNT 1** directed against **FROST**) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS HEREBY ORDERED** that Defendants **IDOC** and **FROST** are dismissed with prejudice for the same reason.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be

---

[4] Additionally, the response to Plaintiff's grievance (Doc. 10, p. 13) indicates that Plaintiff is actually taking issue with the sentencing court's decision as to jail credit (as opposed to claiming that state officials held him for longer than the state judiciary authorized). As the Court previously explained, Plaintiff cannot proceed on an excessive incarceration claim if he is challenging a state court decision. Such a claim would run afoul of *Heck v. Humphrey,* 512 U.S. 477, 489 (1994).

nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 12, 2018**

s/ STACI M. YANDLE

**United States District Judge**
